Filed 11/19/13  P .v. Lopez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065647 |
| v. | (Super. Ct. No. F11900989) |
| MAXX MATTHEW LOPEZ, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Edward Sarkisian, Jr., Judge.

Gregory Chappel, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J., and Franson, J.

A jury convicted appellant, Maxx Matthew Lopez, of second degree robbery (Pen. Code,[1] §§ 211, 212.5, subd. (c); count 1), willfully discharging a firearm in a grossly negligent manner (§ 246.3, subd. (a); count 2), assault with a firearm on Dana Macklin (§ 245, subd. (a)(2); count 4), possession of a firearm within 10 years of a conviction of an enumerated misdemeanor (§ 29805; count 6), making criminal threats (§ 422; count 7), possession of ammunition by a person prohibited from owning a firearm due to a prior conviction (§ 30305, subd. (a); count 8), and resisting, delaying or obstructing a peace officer (§ 148; count 9).  In addition, the jury found true the following special allegations: in committing the count 1 offense, appellant personally used a firearm (§ 12022.53, subd. (b)) and personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and in committing the count 4 and count 7 offenses, appellant personally used a firearm (§ 12022.5, subd. (a)).  The jury acquitted appellant of shooting a firearm at an occupied motor vehicle (§ 246; count 3) and assault with a firearm on Nakisha Warwick (§ 245, subd. (a)(2); count 5).

The court imposed a prison term of 25 years, consisting of the five-year upper term on the count 1 substantive offense and 20 years on the accompanying discharging a firearm enhancement.  The court imposed concurrent three-year upper terms on each of counts 6 and 8; stayed imposition of sentence on the count 1 personal use of a firearm enhancement (§ 12022.53, subd. (b)) pursuant to section 12022.53, subdivision (f); and imposed, but stayed pursuant to section 654, the following upper terms:  on count 2, three years; on count 4, four years on the substantive offense and 10 years on the accompanying enhancement; and on count 7, three years on the substantive offense and 10 years on the accompanying enhancement.  On count 9, the court imposed a 365-day county jail term and awarded appellant credit for 365 days served.

---

[1]     All statutory references are to the Penal Code.

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Thereafter, on March 22, 2013, appellant, apparently in response to this court's invitation to file supplemental briefing, filed a document entitled "FORMAL NOTICE OF ADDITIONAL BRIEFING VIA SUPPLEMENTAL CLAIMS," in which he lists what he claims are "PREJUDICIAL TRIAL ERROR[S]" and, as best we can determine, faults appellate counsel for not raising these issues. We will treat this document as a supplemental brief and address appellant's claims of error below.

On June 21, 2013, this court denied appellant's request for an extension of time to file another supplemental brief, noting that appellant had previously been granted a total of 61 days to file such an additional supplemental brief. We affirm.

## FACTS

Dana Macklin testified to the following: Shortly after midnight on February 21, 2011 (February 21), he was riding in a car driven by Nakisha Warwick when Warwick drove up to a convenience store (the store) in Fresno, parked and entered the store. Macklin remained in the car, and while Warwick was inside the store, a man approached the car and asked Macklin if he wanted to buy some marijuana. Macklin declined the offer, at which point the man said, "Break yourself, motherfucker, this is a robbery"; pulled out a handgun, which appeared to be "either a .38 or a .357"; pointed it at Macklin's head; and said, "Man, I'll kill you." Macklin had $182 in cash, and the man took it "out of [Macklin's] hand." The man then ran to a white car and got in on the passenger side, and the car drove away. As the man "was leaving," he fired a shot.

At that point, Warwick came out of the store. She and Macklin then got in the car and, with Macklin driving, drove off. They were "on [their] way home" when Macklin

3

saw the white car. He gave chase. During the pursuit, Warwick placed a 911 call, and Macklin spoke to the 911 operator.

A recording of the 911 call was played for the jury, and the transcript of the call provided to the jury indicates Macklin told the operator the passenger in the white car was "shooting at [Macklin]." At trial, however, appellant testified the shots came from the driver's side. Approximately six to eight shots were fired.

Both at trial and at the preliminary hearing, Macklin did not identify appellant as the man who robbed him.

Rebecca Corchado testified to the following: Appellant is a friend of hers. At approximately midnight on February 21, she drove appellant, who was in the front passenger seat, and two "kids," who were in the back seat, in her white Nissan Altima to a convenience store/gas station in Fresno. She parked by a gas pump and appellant went into the store to buy beer. When he came out of the store, he was carrying a bag containing beer, which he put in the car. He then walked back toward the store.

Shortly thereafter, Corchado "heard a girl yelling." She turned around and saw appellant returning to the car, carrying a gun. Appellant got in the front passenger seat and said something like "Let's go." Corchado drove off. At some point, "some police officers [got] behind" her and "turn[ed] on their lights and sirens." Appellant told Corchado where to drive. She was "driving fast" and appellant told her to "drive faster." Eventually, appellant told her to stop. She did so, in a residential area, at which point appellant got out of the car and ran off.

Fresno Police Officer Bernard Finley testified to the following: On February 21, at approximately 12:20 a.m., in responding to a report of shots fired, he joined other officers in the pursuit of a white Nissan automobile. At some point the car stopped, and a male got out of the front passenger seat and ran off. Finley made contact with Rebecca Corchado, one of the occupants of the car, who told Finley the following: Appellant was

4

the man who had just run from the car. He had "basically ordered" her to drive and he yelled at her to drive faster. He had a gun and while she was driving "[o]n the freeway," he threw it from the car.

Fresno Police Officer Theran Higginbotham testified to the following: He participated in the pursuit of the white car and during that pursuit, while traveling southbound on Highway 41, north of the McKinley Avenue off-ramp, he saw "something get thrown from the passenger side" of the vehicle. When the car stopped, appellant got out on the passenger side and ran off. As he ran, other officers called for him to stop. Appellant, however, kept running.

Other police officers testified to the following: Appellant was arrested later in the early morning of February 21, hiding in a closet in a house he had entered after running from the white car. In a search of appellant's person, police found six .38 caliber bullets in one of appellant's pants pockets. Thereafter, police transported Macklin to the location where appellant had been taken into custody. Appellant was "brought out," and Macklin initially said appellant was not the person who robbed him at the store. However, Macklin "continued to study" appellant and after a "couple of minutes," he told Fresno Police Officer Greg Jouroyan that appellant was the robber. At trial, Macklin testified he did not tell Jouroyan that appellant was the person who robbed him.

California Highway Patrol Officer Rafael Revera testified to the following: At approximately 9:30 a.m. on February 21, he received a report that a motorist had seen a gun on Highway 41, and that shortly thereafter, he found on Highway 41, north of Shields Avenue, a .38 caliber revolver that had been run over. Macklin, upon being shown a photograph of the gun Revera found, testified it was "similar" to the one used in the robbery.

5

The parties stipulated that appellant, in 2010, suffered "an enumerated misdemeanor conviction within the meaning of … Section 29805[] and … Section 30305, subdivision (a)."**2**

**DISCUSSION**

As indicated above, appellant has filed a document in which he lists what he asserts are "PREJUDICIAL TRIAL ERROR[S]." He makes these claims in a conclusory fashion, with virtually no explanation and without citation to the record. It appears that these assertions amount, for the most part, to a claim that the evidence was insufficient to support his convictions and/or the true findings on the enhancement allegations. Such a claim is without merit. Based on our independent review of the record, we have concluded all convictions and enhancements are supported by substantial evidence. (*People v. Kraft* (2000) 23 Cal.4th 978, 1053 ["In addressing a challenge to the sufficiency of the evidence supporting a conviction, the reviewing court must examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value— such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt"].)

Appellant also raises, as best we can determine, claims of instructional error, juror misconduct, prosecutorial misconduct, and ineffective assistance of counsel. The record, however, contains no support for any of these claims. Accordingly, we reject them.

Finally, it appears appellant asserts the court erred in failing to stay imposition of sentence on the firearm use enhancement found true in connection with the count 4

---

**2** As indicated above, appellant stands convicted of violating sections 29805 (count 6) and 30305 (count 8). These statutes make unlawful, respectively, the possession of a firearm and the possession of ammunition by a person who, in the previous 10 years, has suffered a conviction of any of the misdemeanors enumerated in section 29805.

6

assault conviction.  In fact, as indicated above, the court did stay the 10-year term on this enhancement pursuant to section 654.

We have further concluded, following our independent review of the record, that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.